IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| FRANKLIN C. SMITH,<br>   *Plaintiff,*<br><br>v.<br><br>KILOLO KIJAKAZI, ANDREZO M.<br>SAUL, VIRGINIA DEPTARMENT OF<br>CORRECTIONS, HAROLD W.<br>CLARKE, JUDGE WILLIAM<br>O'BRIEN, and TINA E. SINNEN,<br>   *Defendants.* | §<br>§<br>§<br>§   MO:22-CV-00227-DC-RCG<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Plaintiff Franklin Smith's ("Plaintiff") civil rights lawsuit bringing a § 1983 and a *Bivens* claim. (Doc. 1). This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the case and the caselaw, the Court **RECOMMEDS** Plaintiff's Complaint be *sua sponte* **DISMISSED** against all Defendants.

       I.  B<small>ACKGROUND</small>

On October 25, 2022, Plaintiff filed his civil rights Complaint against Defendants Kilolo Kijakazi,[1] Andrezo M. Saul,[2] Virginia Department of Corrections, Harold W. Clark,[3] Judge William O'Brien, and Tina E. Sinnen.[4] (Doc. 1). Plaintiff's allegations can be summarized as such:

> Because the defendants placed the Plaintiff on an abolished parole
> statute to terminate his Social Security Disability Benefits so it

---

1. Kilolo Kijakazi was Andrezo M. Saul's successor as the Acting Commissioner of the Social Security Administration.
2. Andrezo M. Saul was the Commissioner of the Social Security Administration at the time of the alleged claims.
3. Harold W. Clark was the Director of the Virginia Department of Corrections at the time of the alleged claims.
4. Tina E. Sinnen is listed as a Clerk in one section and an Attorney in another, who seemingly worked at the same courthouse as Judge William O'Brien.

> would alleviate Plaintiff from having funds to relocate to a safer secured environment and so they could have control over the Plaintiff with deadly intent to place and keep him in imminent and constant dangers while "playing fast & loose with the thresholds of the Social Security rules, regulations and laws." And because, if the defendants did not coexist with each other then those gun shots, or Plaintiff being in those "predictable consequences" would of never existed, nor would of ever occurred.

*Id*. at 5.

## II. LEGAL STANDARD

Under § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court is empowered to dismiss a case if it finds that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). Section 1915 gives the court power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *See Neitzke*, 490 U.S. at 328.

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim on which relief may be granted. Section 1915(e)(2) instructs a court to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To determine whether an action states a claim on which relief may be granted, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)) (reviewing dismissal under

§ 1915(e)(2)(B)(ii) according to the same standard used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)).

While a complaint need not contain "detailed factual allegations" to survive § 1915(e)(2)(B)(ii) analysis, it must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusory allegations will not suffice. *See Mills v. Criminal Dist. Ct.*, 837 F.2d 677, 678 (5th Cir. 1988). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Typical examples of claims that may properly be dismissed under § 1915(e) include: (1) claims where it is clear the defendants are immune from suit, *see, e.g., Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995); (2) claims of infringement of a legal interest that clearly does not exist, *see, e.g., Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007); and (3) claims barred by limitations, *see, e.g., Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

An action is frivolous when there is no arguable legal or factual basis for the claim. *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is

3

'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

### III. DISCUSSION

The Court finds this case against each Defendant shall be dismissed. The Court addresses each in turn.

**1.    Want of Prosecution**

The Court finds this case can be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the orders of this Court. The Court believes Plaintiff no longer resides at any of the addresses he has provided, given the Court's last order was undeliverable. The parties are responsible for notifying the Court, as well as the opposing parties, of any change of address. Plaintiff's failure to notify this Court of his change of address suggests he is no longer interested in pursuing this action. Further, this case has been stagnant for over two years with no word from Plaintiff. Even putting this aside, Plaintiff's Complaint should be dismissed on the merits.

**2.    Eleventh Amendment Immunity and Judicial Immunity—Defendant Judge William O'Brien**

The Eleventh Amendment of the United States Constitution bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). It divests federal courts of subject-matter jurisdiction over suits against a state, unless the state has waived immunity or Congress has enacted a valid override.

4

*Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).

Section 1983 does not include a waiver of the states' sovereign immunity, and the State of Texas has not waived its Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979); *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996). In addition, it is well-settled that "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will*, 491 U.S. at 71; *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. at 658, 690 n. 55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages or retrospective relief in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90 (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

Regarding § 1983 claims, again a state is not considered a "person" within the statute's meaning. *Will*, 491 U.S. at 64. Thus, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of § 1983. *Id.* at 71. A suit against an official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As such, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Therefore, § 1983 suits brought against state officials in their official capacities for monetary damages or retrospective relief are barred under the Eleventh Amendment. *See Graham*, 473 U.S. at 169; *Cory*, 457 U.S. at 90.

For these reasons, Plaintiff's claim against Defendant Judge William O'Brien, to the extent this claim is asserted against him in his official capacity, is barred by the Eleventh Amendment with regard to any claim for monetary damages or retrospective relief. Thus, in this regard, Plaintiff has failed to state a non–frivolous claim on which relief may be granted. *See Neitzke*, 490 U.S. at 325; 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

Further, "[t]he federal civil rights laws do not provide a vehicle . . . to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). It is well-settled that a judge enjoys absolute immunity in his individual capacity from liability for damages for judicial acts performed within his jurisdiction. *Mays v. Sudderth*, 97 F.3d 107, 110–11 (5th Cir. 1996); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Judicial immunity is immunity from suit, not just the assessment of damages. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). When assessing entitlement to judicial immunity, the Fifth Circuit has held that "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

The doctrine of absolute judicial immunity protects judges from liability for all actions taken in their judicial capacities, so long as they do not act in a clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The doctrine of absolute judicial immunity protects judicial officers not only from liability, but also from suit. *Mireles*, 502 U.S. at 11; *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). The doctrine of absolute judicial immunity applies to judicial acts of judges acting within their jurisdiction even in suits brought pursuant to § 1983. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mays*, 97 F.3d at 111.

Absolute judicial immunity does not apply in certain limited circumstances. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. First, judges are not immune from liability for non-

6

judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Second, judges are not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Finally, judges are not immune when the plaintiff seeks prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). As to all such actions, judicial immunity bars Plaintiff's claims arising under 42 U.S.C § 1983. *Ballard v. Wall*, 413 F.3d at 515. All the factors considered here indicate the Judge in this case was acting in accordance with his occupational duties, and therefore Defendant Judge William O'Brien should be entitled to judicial immunity.

The Fifth Circuit has repeatedly held that "judges are entitled to absolute immunity for all actions taken in their judicial capacity, *even when allegedly rooted in malice and corruption*...." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) (per curiam) (citing *Ballard*, 413 F.3d at 515) (emphasis in original); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("Judges are immune from damages claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously." (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972); *Stump*, 435 U.S. at 359)); *Brown v. Anderson*, No. 16-CV-0620, 2016 WL 6903730, at *3 (N.D. Tex. Oct. 5, 2016), *R & R adopted*, 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016) ("Plaintiff's lawsuit against the justices ... cannot succeed and it must be dismissed on the basis of absolute immunity.") (citation omitted); *Crissup v. Greenwell*, No. 13-CV-137, 2013 WL 12090341, at *2 (S.D. Tex. July 8, 2013), *R & R adopted*, 2013 WL 12090342 (S.D. Tex. Aug. 7, 2013), *aff'd*, 568 F. App'x 309 (5th Cir. 2014) (citations omitted).

Based on the foregoing, the Court finds claim against Judge William O'Brien in his individual capacity for monetary or other retrospective relief is barred by judicial immunity. *See Mays*, 97 F.3d at 110–11; *Bogney*, 904 F.2d at 274; *see also* U.S. CONST. amend. XI. "The fact that it is alleged that the judge acted pursuant to a conspiracy ... is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). It appears from the filings that there is nothing to suggest that the judge took actions beyond his judicial capacities or acted in the absence of jurisdiction. *See Mireles*, 502 U.S. at 11–12. Nor does Plaintiff appear to seek prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. at 155–56. Thus, as to Judge William O'Brien, Plaintiff has failed to state a non–frivolous claim upon which this Court may grant relief and sought monetary relief against defendants who were immune from such relief. *See Neitzke*, 490 U.S. at 325; 28 U.S.C. §§1915(e)(2)(B)(i)–(iii), 1915A(b)(1)–(2).

3.     **Non-State Actor—Defendant Tina Sinnen**

To state a constitutional claim for relief under § 1983, a plaintiff must plead a violation of a constitutional right and a violation of that right by one or more state actors. *Johnson v. Dallas I.S.D.*, 38 F.3d 198, 200 (5th Cir. 1994). A state actor subject to liability under § 1983 is a person who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. "Acting under color of state law" means "[m]isuse of power, possessed by virtue of state law, and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167 (1961) (quoting Justice Stone in the majority opinion of *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on other grounds*, *Monell*, 436 U.S. 658; *see Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) ("Action under color of state law 'requires that one

8

liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)). Section 1983 was intended "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–57 (1978)). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999)).

From reviewing Plaintiff's Complaint, after Defendant Tina Sinnen is listed in the "Parties" Section, she is only mentioned once to say that she, along with the other individual defendants, manipulated the legal process to achieve an "unlawful directive." (Doc. 1 at 4). This, by itself, is grounds for dismissing her from the suit because there are no factual allegations as to her to state a claim for relief. Even if there were, from what the Court can tell, Defendant Tina Sinnen is a non-state actor, and there is no indication that she acted under "color of state law." To the extent Plaintiff is suing any private, non-state actors under § 1983, such claims are meritless without plausible allegations of state action on their part, which Plaintiff fails to provide. *See Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) (affirming dismissal of action as frivolous where there was not a "hint of state action"); *Guillotte v. Lafourche Par.*, No. CV 21-1400, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022), *R & R adopted*, No. CV 21-1400, 2022 WL 742473 (E.D. La. Mar. 11, 2022) (holding § 1983 claims were frivolous without plausible allegations that defendants were acting under color of state law).

  **4.**  **Defendants Kilolo Kijakazi, Andrezo M. Saul, and Harold W. Clark**

As to these three individual Defendants, Plaintiff's Complaint alleges that "Defendants in a concerted action had adopted an illegal parole statute contrary to Virginia abolishing parole in 1995, with a deliberate treasonous intent to place Plaintiff in 'predictable consequences' of oppression and manipulation of the Social Security Act by wrongfully terminating his benefits while put in a home by Virginia Department of Corrections of which was shot at on Jan. 6, 2019." (Doc. 1 at 4). Specifically, Defendant Harold Clark placed Plaintiff in a house for the purpose of causing "psychological and physical harm, perhaps death, of gun shots." *Id*. Plaintiff also provides that Defendant Commissioners Kilolo Kijakazi and Andrezo M. Saul do not have immunity for their crimes, but, even so, because the gun shots "were being coordinated across our International Waters . . . the Central Intelligence Agency [has] complete and exclusive jurisdiction to destroy all those involved . . . ." *Id*. at 5.

Plaintiff states his claims against Defendant Commissioners are *Bivens* actions while his claim against Defendant Harold Clark is pursuant to § 1983. Section 1983 claims and *Bivens* actions are conceptually identical and further the same policies, the difference being Section 1983 governs claims for federal rights violations against state actors, while Bivens provides a remedy for certain federal rights violations committed by federal agents. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). To plead a claim under either Section 1983 or *Bivens*, Plaintiff must plausibly allege a violation of a constitutional right. *Johnson*, 38 F.3d at 200. Further, a complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason*, 14 F.3d at 8 n.5 (quoting *Neitzke*, 490 U.S. at 327–28). The Court finds Plaintiff's claims against Defendants Kilolo Kijakazi, Andrezo M. Saul, and Harold Clark are frivolous, thus recommends these claims be *sua sponte* dismissed with prejudice.

### 5. State Agency—Virginia Department of Corrections

Plaintiff's claims against the Virginia Department of Corrections is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Will*, 491 U.S. 58. The Virginia Department of Corrections is not a "person" subject to liability under the statute. *See id*. (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Va. Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency is "not a 'person' within the meaning of the statute").

The Court recommends Plaintiff's claim against the Virgina Department of Corrections be *sua sponte* dismissed with prejudice as this Court has determined that Plaintiff seeks relief against a defendant who is immune from such relief and is, therefore, frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii), 1915A(b)(1)–(2).

### 6. Leave to Amend

Generally, a court should allow a *pro se* plaintiff an opportunity to further develop his allegations or remedy inadequacies in his complaint before dismissal. *See Neitzke*, 490 U.S. at 329; *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). That said, allowing a *pro se* plaintiff to further develop his allegations is "unnecessary in cases where the … legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 928); *see Nichols v. Taylor*, 928 F.3d 365, 370 (5th Cir. 2016). Here, affording Plaintiff an opportunity to amend his Complaint is unnecessary because it cannot be amended to assert a viable claim against these Defendants. *See, supra.*

## IV. RECOMMENDATION

The Court **RECOMMENDS** Plaintiff's Complaint against all Defendants be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2) for the failure of Plaintiff to state a non-frivolous claim upon which relief can be granted as well as for seeking monetary relief against Defendants who are immune from such relief.

SIGNED this 25th day of August, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).